United States District Court
Southern District of Texas
ENTERED
July 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE ESTATE OF | § | |
| WILLIAM MICHAEL REDONDO, | § | CIVIL ACTION NO. 4:25-6168 |
| DECEASED | § | |

**MEMORANDUM AND RECOMMENDATION**

Securian Life Insurance Company removed this case from Probate Court No. 1, Montgomery County, Texas citing federal question subject matter jurisdiction and representing that Wesley Wade Redondo's Second Amended Will Contest and Objection to Application to Probate Will seeks ERISA benefits.[1] ECF 1. The Notice of Removal quotes 28 U.S.C. § 1441(c)(2), which states: "Upon removal of an action described in paragraph (1), the Court shall sever from the action all claims described in paragraph 1(B)[2] and shall remand the severed claims to the State court from which the action was removed." ECF 1 at 3. Before the Court is Redondo's Motion to Remand, which is ripe for determination. ECF 8; ECF 9; ECF 12. Having considered the parties' submissions and the law, the Court recommends that Redondo's Motion be granted in part; Redondo's ERISA claims against Securian asserted in the Second Amended Will Contest be severed from the probate claims;

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 14.

[2] 28 U.S.C. § 1441(c)(1) provides that an entire action may be removed if it contains both a claim arising under federal law (§ 1441(c)(1)(A) and a claim not within the jurisdiction of the federal court (§ 1441(c)(1)(B)).

and the probate claims over which this Court lacks jurisdiction be remanded to state court.

## I. Background

On September 20, 2024, Lauren LaFoy, identifying herself as an interested party, initiated Probate Case No. 24-47273-P in Montgomery County Probate Court 1 by filing an Application for Independent Administration and Letters of Administration Pursuant to Section 401.0032 of the Texas Estates Code. ECF 1-2 at 11-13. The Foy Application represents that William Michael Redondo (Decedent) died intestate in Montgomery County, Texas on July 31, 2024, leaving one child, 35-year-old Wesley Wade Redondo. *Id.* On October 16, 2024, Michelle Ann Belmont, Decedent's sister, filed an Application to Probate Will and For Issuance of Letters Testamentary in Probate Case No. 24-47273-P. ECF 1-3 at 2-4. Belmont filed a copy of what she represents to be a true and correct copy of Decedent's Will. ECF 1-3 at 6-9.

On October 28, 2024, Redondo filed a Will Contest and Objection to Application to Probate Will. ECF 1-4 at 1-6. After discovering over a year later that Securian paid Decedent's life insurance benefits to Belmont, Redondo filed a Second Amended Will Contest and Objection to Application to Probate Will on November 14, 2025. ECF 1-43 at 6-16. The Second Amended Will Contest again raises objections to the validity of Decedent's Will (lack of testamentary capacity,

forgery, fraud) and adds a new claim challenging Securian's payment of non-probate assets to Belmont. *Id.* Securian was served on November 20, 2025, and on December 19, 2025, filed a Notice of Removal for the entire Probate Case No. 24-47273-P. ECF 1. Securian attests via Declaration that Decedent was insured at the time of his death under Group Policy No. 70201, effective January 1, 2022, and issued to United Airlines as part of an ERISA-governed employee welfare benefit plan. ECF 1-1.

## II. Removal Standards

A defendant may remove a case to federal court if the federal court has jurisdiction. 28 U.S.C. § 1441(a). However, federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party invoking this Court's removal jurisdiction bears the burden of establishing the existence of federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). The Supreme Court recently succinctly summarized the removal process as follows:

> Under 28 U.S.C. § 1446(b)(1), a party sued in state court who prefers to proceed in federal court generally has 30 days after receiving notice of the state-court action to remove the lawsuit to federal court (if there are grounds for doing so). . . .
> The right to remove a lawsuit from state to federal court "is entirely a creature of statute[,] and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Congress provided one such basis for removal in § 1441(a), which authorizes removal if a civil action "brought in a State court" is one

> over "which the district courts of the United States have original jurisdiction." . . .
> For defendants seeking to remove under § 1441(a), the procedures for doing so are largely set forth in § 1446. Key here as to timing, the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt" of the "initial pleading" in that action, "or within 30 days after the service of summons upon the defendant[,] ... whichever period is shorter." § 1446(b). This 30-day default rule is subject to several exceptions in § 1446 and elsewhere. Section 1446(b)(3), for instance, extends the 30-day deadline if an initial pleading did not provide a basis for removal but it is later "ascertained that the case is one which is or has become removable." . . .
> After a case is removed, any motion to remand the case to state court must be filed within 30 days of the notice of removal. § 1447(c). An order remanding a case generally "is not reviewable on appeal or otherwise." § 1447(d).

*Enbridge Energy, LP v. Nessel on behalf of Michigan*, 146 S. Ct. 1074, 1079–80 (2026) (internal citations omitted).

## III. Analysis

Redondo argues that this case must be remanded to state probate court because (1) removal was untimely; and (2) no federal jurisdiction exists pursuant to the "probate exception" recognized by the Supreme Court in *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (stating "Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction."). The Court addresses each of Redondo's arguments in turn.

**A. Removal was timely.**

The parties agree that Probate Case No. 24-47273-P, including Redondo's original Will Contest, was not removable to federal court. Section 1446(b)(3) governs the timing for removal when an initial pleading is not removable:

> [A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or had become removable.

Redondo argues that the clock on Securian's 30-day removal window began ticking on November 14, 2025, the date he filed the Second Amended Will Contest and provided Securian's counsel with a copy of the filing by email. ECF 6 at 3. Under Redondo's theory, Securian's December 19, 2025 Notice of Removal was 4 days late.

Securian was not a party to the initial Will Contest. Even though Redondo *emailed* a copy of the Second Amended Will Contest to Securian's counsel on November 14, 2025, Securian was not *served* until November 20, 2025. Section 1446(b)(3) refers to removal by "the *defendant*" 30 days after "receipt by the *defendant*" of a pleading making the case removable. 28 U.S.C. § 1446(b)(3) (emphasis added). Securian was not a "defendant' prior to *service* of the Second Amended Will Contest. Supreme Court precedent establishes that it is a "bedrock principle" that a party is not required to appear in an action or file a notice of removal "unless notified of the action, *and* brought under a court's authority, by formal

process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (emphasis added). Notice of an action is not service of process. *Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007) (explaining "[a]lthough all of the defendants may have received notice of the civil action, actual notice is not sufficient service of process." (citing *Way v. Mueller Brass Co*., 840 F.2d 303, 306 (5th Cir.1988)). Therefore, the 30-day removal period expired on Saturday, December 20, 2025 and Securian's December 19, 2025 Notice of Removal was timely.

**B. The probate exception does not preclude removal.**

Securian acknowledges that a federal court "has no jurisdiction to probate a will or administer and estate[.]" ECF 9 at 7 (citing *Curtis v. Brunsting*, 704 F.3d 406, 408 (5th Cir. 2013)). However, the probate exception to federal jurisdiction is narrow and "does not bar a federal court from exercising jurisdiction over all claims related to such a proceeding." *Curtis*, 704 F.3d at 408. Under *Marshall*, "the probate exception bars a federal district court only from (1) probating or annulling a will or (2) 'seek[ing] to reach a res in custody of a state court' by 'endeavoring to dispose of [such] property.'" *Id*. (alternations in original). Redondo's Second Amended Will Contest concedes that the life insurance proceeds Securian disbursed to Belmont are non-probate assets, and the funds are in the custody of Belmont, not the state court. ECF 1-43 at 8. Therefore, this case was removable to federal court based on federal question jurisdiction based on Redondo's asserted ERISA claim against

Securian. However, the probate matter must be severed and remanded to state probate court. Redondo acknowledges as much in his Reply, by stating: "it appears that there is no dispute to remanding at least the Probate Matter." ECF 12 at 1.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Redondo's Motion to Remand (ECF 6) be GRANTED in part; ERISA claims against Securian be severed from Probate Case No. 24-47273-P; and the remaining claims in Redondo's Second Amended Will Contest and Objection to Application to Probate Will be REMANDED to Probate Court No. 1 in Montgomery County, Texas under Probate Case No. 24-47273-P.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 09, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge