United States District Court
Southern District of Texas
**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | CIVIL ACTION NUMBER |
| | § | 4:25-cv-06168 |
| | § | |
| | § | |
| IN THE ESTATE OF | § | JUDGE CHARLES ESKRIDGE |
| WILLIAM MICHAEL | § | |
| REDONDO, DECEASED | § | |
| | § | |
| | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

This action arises from the estate of Decedent William Michael Redondo. It began in the Montgomery County Probate Court, where an application was filed representing that Decedent had died intestate with one son, Wesley Wade Redondo. Dkt 1-2 at 11. Michelle Ann Belmont, Decedent's sister, then filed an application to probate will, along with a copy of what she represents to be Decedent's valid will. Dkt 1-3 at 6–9. Redondo filed a will contest and objection to that application. Dkt 1-4 at 1–6.

Redondo later learned that Securian Life Insurance Company paid out Decedent's life insurance benefits to Belmont. He filed a second amended will contest and objection to application to probate will on November 14, 2025, adding a claim against Securian for payment of the life insurance benefits. Dkt 1-43 at 6–16.

Securian was served on November 20, 2025, and filed a notice of removal for the entire probate matter on December 19, 2025. Dkt 1. The notice of removal asserts that subject-matter jurisdiction is proper in federal court because the disputed life insurance benefits were part of an ERISA-governed employee welfare benefit plan. Id at 2.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 14.

Pending is a motion by Wesley Wade Redondo to remand. Dkt 16. It asserts two grounds for remand, being (i) removal was untimely, and (ii) the "probate exception" precludes exercise of federal jurisdiction over the entire action. Id at 3–8.

Judge Bryan recommends that the motion to remand be granted in part. Dkt 16. She finds that removal was timely because Securian removed the action within 30 days of service. Id at 5–6. As to the probate exception, she concludes that it doesn't entirely bar exercise of federal jurisdiction over this matter, although it does apply to the probate proceedings themselves. Id at 6–7. She thus recommends severing the ERISA claims against Securian from the probate case and remanding the remaining probate claims to the probate court. Id at 7.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 16.

The motion to remand by Wesley Wade Redondo is GRANTED IN PART. Dkt 6.

All claims by Wesley Wade Redondo against Securian Life Insurance Company are SEVERED from Probate Case No 24-47273-P. Such claims will remain in federal court.

All remaining claims in Wesley Wade Redondo's Second Amended Will Contest and Objection to Application to Probate Will are REMANDED to Probate Court No 1, Montgomery County, Texas, under Probate Case No 24-47273-P.

The Clerk is ORDERED to provide a copy of this Order to the Clerk of the Probate Court No 1, Montgomery County, Texas.

SO ORDERED.

Signed on ___July 30, 2026___, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge